UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BOBBY E. HAZEL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 11-1100 (BAH) |
| ) | |
| R. LVES, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

The Petitioner is currently imprisoned at United States Penitentiary McCreary, where he is serving a sentence imposed by the Superior Court of the District of Columbia. *Inmate Locator*, Fed. Bureau of Prisons, http://www.bop.gov/iloc2/LocateInmate.jsp (search for Register Number 41097-133); Mem. of P. & A. in Supp. for Writ of Habeas Corpus at 1–2, ECF No. 1 [hereinafter Mem.]. The Petitioner has petitioned for a writ of habeas corpus. *See* Pet. for Writ of Habeas Corpus, ECF No. 1 [hereinafter Pet.]. The petition will be dismissed because the Court lacks jurisdiction to consider it.

Although 28 U.S.C. § 2241 serves as the general federal statute governing habeas corpus petitions filed in federal court, a petition filed "on behalf of a person in custody pursuant to the judgment of a State court" is considered under 28 U.S.C. § 2254. § 2254(a). "The D.C. Circuit has consistently held that when considering a writ of habeas corpus a prisoner of the District of Columbia is considered a State prisoner, when the prisoner is held under a conviction of the D.C. Superior Court." *Banks v. Smith*, 377 F. Supp. 2d 92, 94 (D.D.C. 2005). Therefore, although the

Petitioner purports to bring his petition under § 2241, Pet. at 1, the Court must consider it under § 2254.

A federal district court lacks subject-matter jurisdiction to consider a habeas petition under § 2254 to the extent that a petitioner may make a motion in a D.C. court seeking relief in the nature of habeas under D.C. Code § 23-110, which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

§ 23-110(g). Thus, it is settled that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (quoting § 23-110(g)). "Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus," *Saleh v. Braxton*, 788 F. Supp. 1232, 1232 (D.D.C. 1992), except where a petitioner claims ineffective assistance of appellate counsel and has unsuccessfully moved to recall the mandate of the D.C. Court of appeals, because § 23-110 does not provide a means to make such a claim, *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) (citing § 23-110(a)).

The gravamen of Petitioner's current petition is that, at some point, his appellate counsel failed to pursue a collateral attack under § 23-110, and that the requirement that he attempt to recall the appellate mandate of the D.C. Court of Appeals "is an inadequate remedy for the petition to pursue attack against appellate counsel for not seeking a collateral attack under D.C. Code [§] 23-110." Pet. at 7. Petitioner misunderstands the adequacy of his remedy. Section 23-110 is only inadequate insofar it does not provide a means for a petitioner to claim ineffective

assistance of appellate counsel.  *Williams*, 586 F.3d at 998.  A petitioner may therefore bring such a claim in federal court under § 2254, but he must first exhaust the appellate process, which requires a petitioner to move to recall the mandate of the D.C. Court of Appeals.  *Id.*; § 2254(b)(1)(A), (c)(1).  The Petitioner does not allege that he has moved to recall the mandate of the D.C. Court of Appeals, but instead incorrectly argues that the requirement that he make such a motion is what makes his local remedy inadequate.  *See* Mem.

Because the Petitioner has not shown that he has exhausted the remedies available in D.C. courts, the Court lacks jurisdiction to consider his petition.[1]  Because the Court lacks jurisdiction to consider the petition, it will be dismissed.  A separate order consistent with this Memorandum Opinion shall issue this date.

Date: October 20, 2011                                              /s/ *Beryl A. Howell*
                                                                                           BERYL A. HOWELL
                                                                                           United States District Judge

---

[1] Moreover, even if the Court had jurisdiction, Plaintiff would fail to state a habeas claim upon which relief can be granted.  The Petitioner claims that his appellate counsel was ineffective insofar as he failed to pursue a collateral attack under § 23-110, but § 2254 specifically provides that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."  § 2254(i).