UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BOBBY E. HAZEL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 11-1100 (BAH) |
| | ) |
| R. IVES, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

On October 20, 2011, the Court dismissed this action for a writ of habeas corpus for lack of jurisdiction. *See* Mem. Op., ECF No. 3; Order, ECF No. 4. The Petitioner noticed his appeal on November 7, 2011, ECF No. 7. The Court denied the Petitioner's motion for relief under Federal Rule of Civil Procedure 59(e) on November 3, 2011, ECF No. 6, and the Petitioner's motion for a certificate of appealability ("COA") on November 24, 2011, ECF No. 14. On July 12, 2012, the United States Court of Appeals for the District of Columbia Circuit denied the Petitioner's motion for a COA and granted the government's motion to dismiss the appeal, concluding that "Petitioner failed to properly exhaust his available remedies in the District of Columbia courts by filing a timely motion to recall the mandate." *Hazel v. Ives*, No. 11-5319 (D.C. Cir. July 12, 2012) (per curiam). On April 16, 2013, the D.C. Circuit denied the Petitioner's "motion to recall the mandate" and the government's motion to strike the motion, and directed the Clerk "to accept no further submissions from appellant in this closed case." *Id.*, Order (per curiam).

Meanwhile, on January 23, 2013, this Court permitted to be filed the Petitioner's "Motion Pursuant to Federal Rules of Civil Procedure Rule 60(b) to Reopen Court's Judgment/

1

Memorandum Opinion on October 20th 2011/Denying the Petitioner's Petition for a Writ of Habeas Corpus," ECF No. 20.  For the following reasons, the motion will be denied.

Because the Petitioner's motion under Rule 60(b) comes more than one year after entry of the final order, the Court may grant relief only if the Petitioner has shown that the judgment is void or is otherwise invalid or its enforcement inequitable, or for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(4)-(6); *see* Fed. R. Civ. P. 60(c) (requiring motion under Rule 60(b) to be made "within a reasonable time – and for reasons (1),(2), and (3) no more than a year after the entry of the judgment or order . . ."); *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1361 (D.C. Cir. 1983) (the time "runs even during the pendency of an appeal") (citing *Greater Boston Television Corp. v. FCC*, 463 F.2d 268, 280 & n. 22 (D.C. Cir. 1971), *cert. denied*, 406 U.S. 950 (1972)).

The Petitioner does not argue that the judgment is void or that the judgment is otherwise invalid or should not apply – nor can he do so convincingly.  Hence, the Court will look only to the "catch-all" provision of Rule 60(b)(6), which "gives courts discretion to vacate or modify judgments when it is appropriate to accomplish justice."  *Norris v. Salazar*, 277 F.R.D. 22, 25 (D.D.C. 2011) (quoting *United States v. 8 Gilcrease Lane*, 668 F. Supp. 2d 128, 130-31 (D.D.C. 2009)) (other citation and internal quotation marks omitted).  The Supreme Court has held that only "extraordinary" circumstances warrant relief under Rule 60(b)(6), *Ackermann v. United States*, 340 U.S. 193, 202 (1950), and the D.C. Circuit "has cautioned that it 'should be only sparingly used.' "  *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1140 (D.C. Cir. 1988) (quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980)).  In addition, a "threshold requirement for obtaining relief under Rule 60(b)" is the demonstration

of "a meritorious claim or defense to the motion upon which the district court dismissed the complaint." *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995) (citation and internal quotation marks omitted).  This "precondition" is required to "provide the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture." *Id*. (citations omitted).

As the Court determined in its November 3, 2011, ruling, no reason exists to reconsider the dismissal order.  Even without the jurisdictional bar, the habeas claim would not survive since it is predicated on counsel's ineffectiveness "during collateral post-conviction proceedings," which is the very claim 28 U.S.C. § 2254(i) precludes.  Mem. Op. at 3; *see also* Mem. Op. and Order of Nov. 24, 2011, at 3-4 (determining same in denying COA motion).  The Petitioner has presented nothing new to compel a different result.  Hence, the Court will deny the instant motion for relief under Rule 60(b) and, following the D.C. Circuit's lead, will enjoin the Petitioner from filing anything else in this closed case except a notice of appeal.  *See Int'l Action Center v. U.S.*, 100 Fed. Appx. 1 (D.C. Cir. 2004) (noting that "[a] timely appeal may be taken under Fed. R. App. Proc. 4(a) from a ruling on a Rule 60(b) motion . . .") (quoting *Browder v. Dir., Dep't of Corr. of Illinois*, 434 U.S. 257, 264 (1978)) (alteration in original); *U.S. ex rel. Cyr v. AWL, Inc.*, 159 F.3d 637 (Table) (D.C. Cir. 1998) ("As a threshold matter, we note that denials of Rule 60(b) motions . . . are typically final, appealable orders.") (citation omitted).  A separate Order accompanies this Memorandum Opinion.

                                                         /s/ *Beryl A. Howell*
                                                         UNITED STATES DISTRICT JUDGE

DATE:   April 23, 2013